JS - 6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 12-01393 MMM (MRWx) | Date | March 15, 2012 |

| | |
|---|---|
| Title | *Wells Fargo Bank, et al. v. Donnie Mayes, et al.* |

| | |
|---|---|
| Present: The Honorable | MARGARET M. MORROW |

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** Order Remanding Action to Los Angeles Superior Court for Lack of Subject Matter Jurisdiction; Declining to Evaluate Defendants' *Ex Parte* Application[6]

### I. FACTUAL BACKGROUND

Plaintiff Wells Fargo Bank, NA, successor by merger to Wells Fargo Bank Southwest, NA formerly known as Wachovia Mortgage, FSB, formerly known as World Savings Bank, FSB ("Wells Fargo") filed this unlawful detainer action in Los Angeles Superior Court against defendants Donnie R. Mayes, Donnie R. Mayes as trustee of the Donnie R. Mayes Living Trust (collectively, "Mayes"), and certain fictitious defendants on October 18, 2011.[1] Mayes is allegedly the former owner of real property located at 19355 Pacific Oaks Place, Rowland Heights, Los Angeles County, California 91748 ("the property").[2] On December 23, 2005, Mayes, as trustee, executed a deed of trust on the

---

[1] Removal from Los Angeles County Superior Court of California ("Removal"), Docket No. 1 (Feb. 17, 2012), Exh. 3("Summons" and "Complaint") at 1.

[2] Complaint, ¶¶ 1, 4.

property as security for a promissory note.³  Mayes allegedly defaulted on the note, and the trustee under the deed of trust filed a notice of default and election to sell the property.⁴  In October, 2011, the property was allegedly sold to Wells Fargo at a foreclosure sale.⁵  A trustee's deed reflecting the sale to Wells Fargo was recorded in Los Angeles County on October 6, 2011.⁶

On October 6, 2011, Wells Fargo allegedly served a notice to quit on Mayes, which required him to vacate the property within three days.⁷  Its complaint alleges that, although more than three days had elapsed, Mayes continues in possession of the property without Wells Fargo's permission or consent.⁸  Wells Fargo seeks possession of the property as well as damages in the amount of $100 per day (the allegedly reasonable daily rental value) for each day from October 10, 2011 until Mayes relinquishes the property.  It also seeks costs of suit.⁹

Mayes filed a notice of removal on February 17, 2012, invoking the court's federal question and diversity jurisdiction.¹⁰  On March 12, 2012, he filed a motion captioned "Emergency *Ec Parte* Application to Turnover Property (I) to Enforce the Federal Removal; (II) for an Order to Show Cause."¹¹  In the motion, Mayes states that on March 7, 2012, he was locked out of his house.  He appears to argue that his eviction was improper because he had removed the unlawful detainer action to federal court.¹²

## II.  DISCUSSION

"A district court has an independent obligation to examine whether removal jurisdiction exists

---

³*Id.*, ¶ 6.

⁴*Id.*, ¶ 7.

⁵*Id.*, ¶¶ 6, 9.

⁶*Id.*, ¶ 9.

⁷*Id.*, ¶ 10.

⁸*Id.*, ¶¶ 11, 12.

⁹*Id.*, ¶ 13; *id.* at 4.

¹⁰Removal at 1, 2, 5-7.

¹¹Emergency *Ec Parte* Application to Turnover Property (I) to Enforce the Federal Removal; (II) for an Order to Show Cause ("Application"), Docket No. 6 (Mar. 12, 2012).

¹²*Id.* at 2-3.

before deciding any issue on the merits." *Thiara v. Kiernan*, No. C06-03503 MJJ, 2006 WL 3065568, *2 (N.D. Cal. Oct. 25, 2006); see also *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 966 (9th Cir. 2004) ("[A] district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments," citing *Mitchell v. Maurer*, 293 U.S. 237, 244 (1934)); see also *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996) (lack of subject matter jurisdiction may be raised at any time by either party or by the court *sua sponte*).

When a case has been removed, the court may remand for lack of subject matter jurisdiction at any time before final judgment. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded"). The court may – indeed must – remand an action *sua sponte* if it determines that it lacks subject matter jurisdiction. See *Kelton Arms Condominium Owners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) ("[W]e have held that the district court must remand if it lacks jurisdiction," citing *Sparta Surgical Corp. v. Nat'l Ass'n Sec. Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998)). For the reasons discussed below, the court lacks subject matter jurisdiction and the action must be remanded to Los Angeles Superior Court.

### A.    Whether the Court Has Diversity Jurisdiction to Hear the Action

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. . . ." 28 U.S.C. § 1332(a); see also *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("[J]urisdiction founded on [diversity] requires that the parties be in complete diversity and the amount in controversy exceed $75,000").

In any case where subject matter jurisdiction is premised on diversity, there must be complete diversity, i.e, all plaintiffs must have citizenship different than all defendants. See *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 & n. 3 (1996). Neither Mayes nor Wells Fargo alleges the citizenship of the parties. Consequently, the court cannot determine whether this prerequisite to diversity jurisdiction is satisfied.[13]

---

[13] 28 U.S.C. § 1441(b) states that "[a]ny . . . action [other than one involving a federal question] shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." See *Apelian v. United States Shoe Corp.*, 664 F.Supp. 1370, 1371 (C.D. Cal. 1987) ("an action can be removed to federal court based on diversity of citizenship only if none of the defendants . . . are citizens of the state in which the federal court is located." See also *Lewis*, 519 U.S. at 68 (in a case filed in state court over which "the federal district court [would have diversity jurisdiction] the defendant or defendants may remove the action to federal court, 28 U.S.C. § 1441(a), provided that no defendant 'is a citizen of the State

Even if there were complete diversity of citizenship, moreover, Mayes has not met his burden of demonstrating that the amount in controversy exceeds $75,000. "[W]hen a state-court complaint affirmatively alleges that the amount in controversy is less than the jurisdictional threshold, the 'party seeking removal must prove with legal certainty that [the] jurisdictional amount is met.'" *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) (quoting *Lowdermilk v. U.S. Bank National Association*, 479 F.3d 994, 1000 (9th Cir. 2007)). It is clear from information in the record that the amount in controversy does not meet the jurisdictional threshold. Wells Fargo seeks damages of $100 per day from October 10, 2011 to the date it regains possession of the property.[14] Wells Fargo alleges that its damages do not exceed $10,000, and it filed the action as a limited civil case.[15] See CAL. CODE CIV. PROC. § 86 (classifying cases where the prayer is less than $ 25,000 as limited civil cases). Given its allegations that the amount in controversy does not exceed $75,000, Mayes must establish to a legal certainty that the amount in controversy exceeds that amount to demonstrate that the court has diversity jurisdiction to hear the action.

Mayes contends that the amount in controversy should be determined by looking to the value of the property, which he asserts is "probably closer to $600,000."[16] In an unlawful detainer action, however, the appropriate measure of damages is the amount sought in the complaint, not the value of the property. *Federal Nat. Mortg. Ass'n v. Lemon*, No. CV 11–03948 DDP (FFMx), 2011 WL 3204344, *2 (C.D. Cal. July 26, 2011) ("[T]he appropriate damages in unlawful detainer action remains the amount sought in the complaint, not the value of the property itself"); see also *U.S. Bank Nat. Ass'n v. Marshall-Edward: Mikels*, No. C 11–4687 PJH, 2011 WL 5362082, *2 (N.D. Cal. Nov. 7, 2011) ("The complaint seeks restitution of the premises, damages in the amount of $50.00 per day from August 6, 2010, through the date that defendant remains in possession of the property, plus costs of suit. The amount in controversy is not the assessed value or the sales value of the property, but rather the $50.00 per day that HSBC is seeking in damages. Thus, if HSBC prevails against defendant in the unlawful detainer action, liability will not exceed $75,000.00"); *Skyline Vista Equities, LLC v. Henderson*, No. ED CV 11–1665 PA (AGRx), 2011 WL 5122616, *2 (C.D. Cal. Oct. 25, 2011) ("[T]he amount in controversy is determined by the amount of damages sought in the

---

in which such action is brought,' 28 U.S.C. § 1441(b)"). While Mayes does not allege his citizenship or that of the trust, it appears likely that he is a citizen of California, where the property is located. The trust would then also be a California citizen. See *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (stating that, for purposes of diversity jurisdiction, a trust has the citizenship of its trustees). If Mayes is a California citizen, he cannot invoke the court's diversity jurisdiction in this action.

[14]Complaint, ¶ 13; *Id*. at 4.

[15]*Id*. at 1.

[16]Removal at 6.

Complaint, rather than the value of the subject real property"). Consequently, Mayes has not met his burden of proving to a legal certainty that the amount in controversy requirement is satisfied. See *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997) ("[W]here the plaintiff does not claim damages in excess of [the jurisdictional amount] and the defendant offers 'no facts whatsoever' to show that the amount in controversy exceeds [the jurisdictional amount], then the defendant has not borne the burden on removal of proving that the amount in controversy requirement is satisfied," citing *Gaus*, 980 F.2d at 566–67).

Accordingly, there is no basis for exercising diversity jurisdiction over this action.

### B.   Whether the Court Has Federal Question Jurisdiction to Hear the Action

Under 28 U.S.C. § 1331, district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Federal question jurisdiction is presumed absent unless defendant, as the party seeking to invoke the court's jurisdiction, shows that plaintiff has either alleged a federal cause of action, *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916) ("a suit arises under the law that creates the action"), a state cause of action that turns on a substantial dispositive issue of federal law, *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983); *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199 (1921), or a state cause of action that Congress has transformed into an inherently federal cause of action by completely preempting the field of its subject matter, *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 560 (1968); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987).

Whether a claim "arises under" federal law must be determined by reference to the "well-pleaded complaint." *Franchise Tax Bd.*, 463 U.S. at 9-10. Since a defendant may remove a case under 28 U.S.C. § 1441(b) only if the claim could have been brought in federal court, the existence of removal jurisdiction must also be determined by reference to the "well-pleaded complaint." *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986). The well-pleaded complaint rule makes plaintiff the "master of the claim" for purposes of removal jurisdiction. *Caterpillar, Inc.*, 482 U.S. at 392. Where a plaintiff could maintain claims under both federal and state law, therefore, plaintiff can prevent removal by ignoring the federal claim and alleging only state law claims. *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 344 (9th Cir.1996).

For federal question jurisdiction to attach, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936). Only where the "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties" does a state law cause of action "arise under" the laws of the United States. *Franchise Tax Bd.*, 463 U.S. at 13 (1983). A claim does not present a "substantial question" of federal law merely because a federal question is an "ingredient" of the cause of action. Indeed, "the mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction." *Merrell Dow Pharmaceuticals*, 478 U.S. at 813.

Likewise, it is not enough for removal purposes that a federal question may arise during the litigation in connection with a defense or counterclaim.  "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc.*, 482 U.S. at 392.  See also *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).  "A defense is not part of a plaintiff's properly pleaded statement of his or her claim." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998).  See also *Taylor*, 481 U.S. at 63; *Gully*, 299 U.S. at 112 ("To bring a case within the [federal-question removal] statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action").  Thus, "a case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd.*, 463 U.S. at 14.

There is no federal question apparent on the face of Wells Fargo's complaint, which alleges only an unlawful detainer cause of action.  See *Wells Fargo Bank v. Lapeen*, No. C 11–01932 LB, 2011 WL 2194117, *3 (N.D. Cal. June 6, 2011) ("an unlawful detainer action, on its face, does not arise under federal law but is purely a creature of California law," citing *Wescom Credit Union v. Dudley*, No. CV 10-8203 GAF (Ssx), 2010 WL 4916578, *2 (C.D. Cal. Nov. 22, 2010)); *Galileo Financial v. Miin Sun Park*, No. EDCV 09-1660 PSG, 2009 WL 3157411, *1 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law.  Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists").

Mayes alleges in his notice of removal that Wells Fargo's complaint violates various federal statutes, including the Securities Exchange Act of 1934,[17] various amendments to the United States Constitution,[18] and the equal protection clause.[19]  These are federal defenses and, as noted, "a case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint. . . ." *Franchise Tax Bd.*, 463 U.S. at 14.  Because Wells Fargo's complaint does not present a federal question, the court does not have jurisdiction under 28 U.S.C. § 1331.

### III.  CONCLUSION

"The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566.  Mayes has failed to

---

[17]Removal at 1-4.  Mayes contends that his mortgage was securitized, and that therefore the unlawful detainer action implicates the Securities Exchange Act of 1934.

[18]*Id*. at 8.

[19]*Id*. at 4, 7-11.

carry that burden here. His notice of removal fails allege an amount in controversy exceeding $75,000, fails to allege the citizenship of the parties, and fails to identify a federal question raised by the complaint. For the reasons stated, the clerk is directed to remand this case to Los Angeles Superior Court forthwith. Because the court lacks jurisdiction to hear the action, it lacks power to consider the merits of Mayes' *ex parte* application.